UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
*ex rel.* KERMITH SONNIER

VERSUS                                                              CIVIL ACTION NO. 09-1038-JJB

ALLSTATE INSURANCE COMPANY

### RULING ON DEFENDANT'S MOTION TO DISMISS

Before the Court are defendant Allstate Insurance Company's motions to dismiss for lack of subject matter jurisdiction and failure to state a claim (Doc. 20), motion to transfer this case to the Eastern District of Louisiana (Doc. 23), and motion to strike relator Kermith Sonnier's declaration (Doc. 39). Sonnier has filed oppositions to the motion to dismiss (Doc. 35), motion to transfer (Doc. 34), and motion to strike (Doc. 40), to which Allstate filed replies (Docs. 38, 37, and 50, respectively).

I.

Sonnier, an independent insurance claims adjuster, filed a complaint (Doc. 1) on behalf of the United States under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3730 and 3731. He alleges that Allstate defrauded the federal government by engaging in "unit price manipulation" of its flood insurance claim reimbursement submissions to the Federal Emergency Management Agency (FEMA) under auspices of the National Flood Insurance Program following various hurricanes which struck the Gulf Coast region over the past six years.

Flood damage insurance, unlike other forms of property and casualty insurance, is generally a federally-backed coverage under the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq.* In 1983, Congress authorized private insurance companies under the "Write-Your-Own" (WYO) program to enter contracts with the National Flood Insurance

1

Program (NFIP), which permits the companies to write, sell, administer, and service flood insurance policies for any owner of insurable property located in a community subject to flooding hazard, provided the community participates in the NFIP. Allstate is a WYO provider under the NFIP. When Allstate agents adjust federally-backed flood insurance claims, as alleged, they act as fiscal agents of the federal government because payments on such claims are ultimately paid from the United States Treasury.

The crux of Sonnier's price manipulation claim is that, when adjusting flood claims on properties which Allstate also provided wind insurance (which is generally not federally underwritten), Allstate attributed higher prices to certain replacements units than it would when adjusting for wind claims, resulting in claims submitted to the government for reimbursement which inflated the claimed flood damage, thus reducing Allstate's overall exposure for wind damage claims. For example, Sonnier alleges that when Allstate estimated wind damage, it would assess the removal and replacement of drywall at $0.73-0.81 per square foot, whereas when estimating flood policy damages, it would assess the same removal and replacement of drywall at $1.53 per square foot, an amount roughly double the estimated cost for wind damage. (Complaint, Doc. 1, ¶ 30.A). Allstate allegedly doubly benefitted from this practice because WYO insurers receive a 3.3% allowance for servicing each claim based on the amount of flood damage sustained. (*Id.*, ¶ 20). Thus, the more flood damage (rather than wind damage) Allstate submitted, the more it would profit: it would be reimbursed the flood damage payout, receive a 3.3% fee on the flood damage amount, and reduce its liability for wind damage under its self-insured or privately reinsured policy.

Allstate raises a number of challenges to Sonnier's suit. First, it argues the Court lacks subject matter jurisdiction under the "first to file" rule because the unit price manipulation claim

2

is substantially similar and thus legally indistinguishable from previously filed suits which alleged "loss-shifting" fraud by insurers who categorized property damages as flood-caused rather than wind-caused. Second, it argues the Court lacks subject matter jurisdiction under the "public disclosure" rule because: (1) the alleged fraud in this suit is based upon facts that had already been publicly disclosed at the time of filing; (2) Sonnier is not an "original source" with "direct and independent knowledge" of the fraud alleged; and/or (3) Sonnier failed to disclose his knowledge to the government prior to instituting this suit. Based on its first two arguments, Allstate urges dismissal under Fed. Rule Civ. P. 12(b)(1). Third, it argues that even if the Court has subject matter jurisdiction over the suit because Sonnier satisfies the first-to-file and public disclosure rules, his complaint fails to satisfy the heightened pleading standards for fraud allegations imposed by Fed. Rules Civ. P. 8 and 9(b) such that his claim must be dismissed under Fed. Rule Civ. P. 12(b)(6) for failure to state a claim.

II.

Because Allstate calls into question the Court's subject matter jurisdiction over this case, the Court must first address that issue before resolving, if needed, the sufficiency of Sonnier's complaint. In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). Proponents have the burden of proving the existence of subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

III.
3

The False Claims Act bars the federal courts from hearing certain actions. 31 U.S.C. § 3730. The Act imposes a "first-to-file" requirement for actions brought by private persons. Section 3730(b)(5) provides in relevant part that "[w]hen a person brings an action under [the qui tam provision of the Act], no person … may … bring a related action based on the facts underlying the pending action." The Act discourages tag-along litigation by imposing roadblocks for parasitic plaintiffs seeking to capitalize on the whistle-blowing of others. To that end, Section 3730(e)(4)(A) excludes from its jurisdictional grant certain cases that do not contribute to the exposure of the fraudulent activity. It provides:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A).[1] The section defines "original source" as "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B).

Allstate argues this case raises substantially similar facts to those of other cases previously filed and pending at the time this case was filed. Four previously-filed suits contain allegations that Sonnier acknowledges are factually similar to this case.[2] Allstate contends these

---

[1] Section 3730(e)(4) was amended slightly by the Patient Protection and Affordable Care Act, Pub.L. 111-138, 124 Stat. 119, (March 23, 2010)—the so-called "ObamaCare" statute whose constitutionality will soon be decided by the Supreme Court. The previous version of the statute (both subsection (A) and (B)) is quoted and applicable here because the Affordable Care Act's amendments became effective after this case was filed and were not made retroactive by Congress. *Schindler Elevator Corp. v. U.S. ex rel. Kirk*, -- U.S. --, 131 S.Ct. 1885, 1889, n.1 (2011). In any event, the changes are not material to this case.

[2] (*See* Sonnier's Motion to Transfer, Doc. 10). Sonnier subsequently withdrew this motion (Doc. 11), and the Court accepted the withdrawal and held the matter moot. (Order on Motion to Withdraw Motion to Transfer, Doc. 13).

factual similarities require dismissal for lack of subject matter jurisdiction under the "first-to-file" jurisdictional bar of 31 U.S.C. § 3730(b)(5). "[A]s long as the later-filed complaint alleges the same material or essential elements of fraud described in a pending *qui tam* action, § 3730(b)(5)'s jurisdictional bar applies." *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 378 (5th Cir. 2009).

Sonnier filed this action on December 10, 2009. (Doc. 1). The four previously filed suits are as follows:

1) *U.S. ex rel. Rigsby v. State Farm Ins. Co.*, No. 1:06-cv-433 (S.D. Miss.), which was filed on April 26, 2006. Allstate was named in that case, but the court permitted the plaintiff to voluntarily dismiss it on June 16, 2008.

2) *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, No. 06-4091 (E.D. La.), which was filed on August 2, 2006. On October 17, 2007, the Court dismissed Allstate by virtue of the first-to-file bar due to the *Rigsby* litigation, and the Fifth Circuit affirmed that dismissal on February 18, 2009. *U.S. ex rel. Branch Consultants*, 560 F.3d at 379.

3) *U.S. ex rel. Denenea v. Allstate Ins. Co.*, No. 2:07-cv-2795 (E.D. La.), which was filed on May 4, 2007. On January 24, 2011, Chief Judge Vance granted Allstate's motion to dismiss under the first-to-file rule due to the *Rigsby* and *Branch* litigation. *Denenea*, 2011 WL 231780 at *4.

4) *U.S. ex rel. Freeman v. State Farm Fire & Cas. Co.*, No. 07-2963, which was filed on May 18, 2007. Allstate was named in that case, but the plaintiff on January 31, 2011 requested that it be voluntarily dismissed. The government consented to the dismissal on February 7, 2011.

5

All four of those cases indisputably centered on allegations that various insurance companies, including Allstate, "falsely shifted wind damage to flood damage," (Sonnier's Memo in Opp., Doc. 35, p. 10), which defrauded the government by submitting claims the taxpayers would underwrite which instead should have been underwritten by the insurance companies through their wind policies. In other words, the insurance companies "improperly categorized wind and other non-flood damage as flood damage in an effort to shift those losses to the federal government." (*Id.*).

Sonnier contends that the unit price manipulation claim he has brought differs in kind from the previous allegations. He points to the factual difference between the "loss-shifting" allegations in the previous cases and his claim that "Allstate allocated higher unit prices and profit and overheads margins for flood claims … than wind claims…." (*Id.*). Sonnier also concedes that unit price inflation was in fact alleged in the amended complaints offered by the plaintiffs in *Denenea* and *Branch*, but makes two arguments against considering the claims in those documents: first, Chief Judge Vance explicitly considered only the *original* complaints for purposes of dismissing those cases based on lack of subject matter jurisdiction; and second, that the first-to-file bar does not apply when the first-filed case is a sham.

In response, Allstate points out that both *Denenea* and *Freeman* were pending when Sonnier brought this action on December 10, 2009. It argues the unit price manipulation claim does not substantially differ from those then-pending cases, which therefore compels dismissal. It also argues that the original complaint in *Denenea* brought a price manipulation allegation. Finally, it distinguishes the case law cited by Sonnier in support of his contention that previously-filed cases that constitute a sham or are jurisdictionally defective permit a later-filed suit to satisfy the rule.

6

The Court finds that the first-to-file rule bars jurisdiction and mandates dismissal of this case for lack of subject matter jurisdiction. Regardless of any other considerations, the original complaint filed on May 4, 2007 in the *Denenea* matter alleged that Allstate "knowingly estimated … losses *utilizing substantially inflated replacement cost values for items comprising their flood insurance claims* at the expense of the Government, while at the same time enriching Allstate by substantially deflating replacement cost values for identical items comprising [non-flood policy] claims." (*Denenea* Original Complaint, ¶ 12, *contained in* Record of Judicial Notice, Doc. 22-3, Ex. 12, p. 27 (emphasis added); *see also Denenea* First Amended Complaint, ¶¶ 12, 14, *contained in* Record of Judicial Notice, Doc. 22-2, Ex. 7, pp. 48-49 (repeating allegation)). Both the original and first amended complaints in *Denenea* were already filed and pending when Sonnier brought this action. The Fifth Circuit has determined the "same material or essential elements" test applies when determining if the first-to-file rule prohibits a subsequent action. *Branch Consultants*, 560 F.3d at 378. "[A] relator cannot avoid § 3730(b)(5)'s first-to-file bar by simply adding factual details … to the essential or material elements of a fraud claim against the same defendant described in a prior complaint." *Id.*

Sonnier's claim of unit price manipulation fall squarely within the *Denenea* complaint. As Allstate correctly points out, all four of the prior cases allege a general fraudulent scheme of "loss-shifting". The unit price manipulation claim is simply an aspect of that overall scheme. In this case, unit price manipulation cannot be distinguished from the broader fraud allegations, and it certainly cannot be distinguished from the identical allegations made in *Denenea*. The unit price manipulation allegation differs only in degree from the fraud allegations made in *Rigsby*, *Branch*, *Denenea*, and *Freeman*. That alone may be enough to invoke the first-to-file rule. More importantly, though, *Denenea* and *Freeman* were not just previously filed but also remained

7

pending against Allstate at the time of Sonnier's complaint, which confirms the applicability of the rule. The unit price manipulation allegations are simply the mechanical detail through which Allstate allegedly perpetuated its fraud on the government. At this late stage in the game, Sonnier's complaint "does not help 'reduce fraud or return funds to the federal fisc'" because long ago the government had "enough information to discover related frauds." *Branch Consultants*, 560 F.3d at 378 (quoting *U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 234 (3d Cir. 1998)).

Sonnier argues that the Fifth Circuit has nevertheless left the door open for his complaint. In *Branch Consultants*, the Fifth Circuit reserved decision on the unanswered question whether a sham first-filed suit would bar a later suit filed after dismissal of the sham first suit. 560 F.3d at 379. The first-to-file rule simply bars a "related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). The statute does not provide for exceptions, and reading one into it on grounds of policy, congressional intent, or purpose is not necessary here. The Ninth and Sixth Circuits have permitted subsequent complaints to survive a first-to-file challenge when the first action was dismissed as "jurisdictionally defective because the relator was not an original source of publicly disclosed information." *Campbell v. Redding Med. Center*, 421 F.3d 817, 818 (9th Cir. 2005); *see also Poteet v. Medtronic, Inc.*, 552 F.3d 503 (6th Cir. 2009) (citing *Campbell*). However, none of the previous four cases which alleged Allstate conducted loss-shifting fraud were dismissed under the public disclosure rule, and therefore those two cases are inapposite. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966 (6th Cir. 2005) remarked that a prior, broad allegation of a fraudulent scheme in the first complaint which "encompassed" a "specific subset of fraud" alleged in the second complaint could not preempt the second under the first-to-file rule, at least when the broad allegations in the first were deficient under Rule

8

Case 3:09-cv-01038-JJB -AC    Document 59    01/10/12    Page 8 of 9

9(b). 431 F.3d at 971-73. The *Denenea* allegations were not found deficient under Rule 9(b), rendering *Walburn* irrelevant. Moreover, Sonnier does not argue that the allegations against Allstate in *Denenea* were a sham, and as the Court has already determined, that case alone is sufficient grounds for invoking the first-to-file rule as it applies to Sonnier.

In sum, § 3730(b)(5) precludes subsequent actions based on premises that are substantially similar to pending actions, and Sonnier's factual allegations here are virtually indistinguishable from those made in *Denenea*, which was pending at the time Sonnier filed suit. Because Sonnier's attempts to differentiate the factual and legal similarities between the cases have no merit, he has utterly failed to meet his burden of proving subject matter jurisdiction. The Court must therefore dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1).[3]

IV.

Accordingly, Allstate Insurance Company's motion to dismiss for lack of subject matter jurisdiction (Doc. 20) is GRANTED.

The motion to transfer (Doc. 23) and motion to strike (Doc. 39) are therefore DISMISSED as moot.

Signed in Baton Rouge, Louisiana, on January 10, 2012.

  _____
  **JAMES J. BRADY, DISTRICT JUDGE**
  **MIDDLE DISTRICT OF LOUISIANA**

---

[3] Because the Court lacks subject matter jurisdiction based on the first-to-file rule, no consideration of the public disclosure rule or the sufficiency of the complaint's factual allegations under Rule 12(b)(6) is needed.

9

Case 3:09-cv-01038-JJB -AC    Document 59    01/10/12    Page 9 of 9